Opinion filed August 2, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed August 2, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00088-CR 

                                                    __________

 

                        TIMOTHY
GREGORY MCCLENDON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
 Pinto County, Texas

 

                                                    Trial
Court Cause No. 12898

 



 

                                                                   O
P I N I O N








This is an appeal from a judgment adjudicating
guilt.  Timothy Gregory McClendon
originally entered a plea of guilty to the offense of aggravated robbery.  Pursuant to the plea bargain agreement, the
trial court deferred the adjudication of his guilt, placed him on community
supervision for ten years, and assessed a $3,000 fine.  At the hearing on the State=s motion to adjudicate, appellant
entered pleas of true to the State=s
allegations that he violated the terms and conditions of his community
supervision.  The trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, adjudicated his guilt, and assessed his
punishment at confinement for thirty-five years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has provided appellant with a copy of
the brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161
S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

In his response, appellant challenges his original
guilty plea.  Appellant contends that his
guilty plea was not willingly or intelligently given, that his trial counsel
was negligent, and that his plea was Aunintelligent
due to his lack of knowledge of the law of parties.@  Appellant also challenges the sufficiency of
the evidence to show that he was guilty of aggravated robbery and contends that
his punishment of confinement for thirty-five years is cruel and unusual
punishment.








As counsel notes in his brief in support of his
motion to withdraw, any complaints concerning the original plea of guilty must
be raised in an appeal from the order deferring the adjudication of guilt and
cannot be raised in a later appeal from the judgment adjudicating his guilt and
imposing a sentence.  Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b)
(Vernon 2006) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Davis v. State,
195 S.W.3d 708, 709 (Tex. Crim. App. 2006); Hargesheimer v. State, 182
S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d 829,
831 (Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992).  Therefore, this court
has no jurisdiction to consider appellant=s
arguments concerning his original guilty plea or the trial court=s decision to adjudicate his
guilt.  We note that the trial court
assessed punishment well within the range authorized by the legislature for a
first-degree felony offense.[1]  A sentence assessed within the range of
punishment established by the legislature will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984); Bradfield v. State, 42 S.W.3d 350, 354 (Tex.
App.CEastland
2001, pet. ref=d).  Appellant=s
challenges concerning the sentence imposed by the trial court are overruled.

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black v. State,  217 S.W.3d 687 (Tex. App.CEastland 2007, no pet.).

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

August 2, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Tex. Penal Code Ann. ' 29.03 (Vernon 2003) defines the offense of aggravated
robbery and declares it to be a first- degree felony.  Tex.
Penal Code Ann. ' 12.32 (Vernon 2003) provides that a person convicted
of a first-degree felony offense shall be confined for life or a term of not
more than ninety-nine years and not less than five years.  An optional fine not to exceed $10,000 is
also authorized.